Mr. Justice "Wylie
delivered the opinion of the court.
This application was filed in the Patent Office January 24, 1879. The application was examined by the primary examiner who made an adverse report. An appeal was taken to the examiners-in-chief. The applicant amended his claim and the application was rejected by the examiners-in-chief; he again amended his claim, and again the primary examiner investigated and again made an adverse report. Two or three times at least these amendments took place, until the application was reduced to its present shape, when it was examined by the. primary examiner -who rejected it. An appeal was then taken to the examiners-in-chief, and they rejected it the second time. An appeal was then taken to the Commissioner of Patents and he rejected it. These rejections by the Patent Office seem to have been based upon the want of novelty, the invention as claimed having been anticipated by two or three pricir inventions in this country and abroad. It is not worth while to refer to these prior inventions, because the decision here would then be based upon technical grounds in examination and comparison with the claims of the prior inventions.
The case as it appears here is this. The petitioner erases all the claims heretofore presented, and substitutes the following :
“ The combination of the sole piece provided with ribs upon its under surface and with flanges upon its upper surface, the rails, and the forelocks by means of single bolts, the arrangement being such that the bolt heads are prevented from turning by the ribs, while the forelocks are held rigid between the flanges and webs of the rails, substantially as shown and described.”
Now, a bolt with a screw and a nut are old mechanical implements, and a sole plate placed under the two ends of the rails is an old claim. A groove in a solé piece or plate is an old invention. A groove used in connection with a nut so as,to prevent the nut from turning is likewise an old invention.
*214 The invention in this instance consists in ribs to the sole piece, on the under surface of the sole piece. It occurred to this gentleman that he would have the sole piece rolled with grooves, because a sole piece rolled with grooves on the under side and a corresponding rib on the upper side would be a stronger plate than a flat plate with a groove cut out of it, and the rolled groove would serve the purpose of holding the nut to this plate as perfectly as the groove cut would do. And that is the sole invention for which a patent is claimed-
Now, he claims that the rolled rib upon the upper surface and a corresponding groove in the under surface have never been used in that way; and that it is a stronger plate than any other, and that the use of the plate in connection with the nut which holds the bolt firmly is an improvement. The Commissioner decided that it was no invention, because it had been anticipated by prior inventors; but we think that there is still another fundamental objection to it. Everybody knows that a piece of iron rolled with ribs makes a stronger piece of plate than a flat piece of iron with a groove cut out of it. There was no invention in that. It was known to everybody, and the only patentable quality which the petitioner claims here is the use of such a plate as that in connection with the screw. Now this seems to us not to be a patentable discovery at all. It is a mere aggregation of things well known to any mechanic. There is no new result from the use of this combination. The result of holding firmly the ends of railroad rails by means of screws or bolts and by a plate under the ends is well known, and the simple adoption and application of a ribbed plate with the bolt screwed to its place between the ribs, is only the application of two old devices.
Now, it is not every combination of well-known things that entitles a party to a patent as an inventor. A mere aggregation and bringing together of old devices or instru-mentalities is not an invention unless some new result is attained, and here there is no new result. In Hailes vs. Van Wormer, 20 Wallace, 353, the Supreme Court, by Mr. Justice Strong, say: “ It must be conceded that a new combination, *215 if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. But the results must be a product of the combination, and not a mere aggregate of several results each the complete product of one of the combined elements. Combined results are not necessarily a novel result, nor are they an old result obtained in a new and improved manner. Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect without the production of something novel, is not invention.”
And in the prior case of Stimpson vs. Woodman, 10 Wallace, 117, Mr. Justice Nelson says,, delivering the opinion of the court (I read from the syllabus, which is a correct •synopsis of the opinion): “Where a roller in a particular combination had been used before without designs on it, and .a roller with designs on it had also been used in another combination, it was not a patentable invention to place designs on the roller in the first named combination. Such a change, with the existing knowledge in the art, involved simply mechanical skill, which is not patentable.
The petitioner in that case asked for a patent for the use of a roller with designs upon it .for the purpose of making and impressing figures upon leather. Before that workers in goat skin were in the habit of folding over the inner part of the skin upon the outer part when it was partially in an undressed condition, and subjecting it to pressure, and by so doing impressed a roughness upon the skin which it preserved afterwards. It occurred to this applicant that if he would take a roller and have lines and dots marked upon it, he might produce this rough impression upon the skin in a new way by the use of the roller. The roller had never been used in that way before, although a plain roller for the purpose of smoothing the skin and rollers with designs upon them, and marks, and dots and figures, had been used for other purposes anterior to that time; but he was the first man to whom it occurred that a roller marked, dotted, and lined and roughened might be used for the purpose of finish *216 ing the skin and giving it the rough appearance which we see in morocco; but the Supreme Court said there was no invention in that. Rollers had been used before, and smooth rollers had been used in dressing skins, and rollers with designs upon them had been used in other things, so that he merely applied the use of the figure roller to this particular-article of skins. The court held that it was not a patentable invention, that it was merely a new application of what was. known before.
A very ridiculous illustration of the kind of invention that is here claimed was once presented to this court, on appeal from the Patent Office.*
It occurred to a man that a balloon might be made a useful thing to merchants, mechanics, &c. His idea was to have a balloon swung across the street, with handbills on it and devices to attract attention, so that persons engaged in business who would pay him for his invention might use the balloon. Everybody driving or walking on the street would have his attention drawn to the balloon and to the flags and streamers attached to it, and would thus be induced to look at the advei'tisements. He thought it would be a very good method of advertising, but the Patent Office rejected his. application. He appealed to this court, and we affirmed the decision, not because it was not a novel concern. — -for such an idea had never entered into any other man’s head — but because balloons had been known, and advertisements had been known, and handbills had been known, and it was a, mere combination of well-known things without any new result.
For this .reason, as well as for the reason given by the Patent Office, that this invention, if it was an invention at all, had been anticipated, we think that the decision of the Commissioner ought to be affirmed.

In Re Gould, 1 Mac A., 410.